**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116001

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

Martin Muldowney, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

Cawley & Bergmann, LLC,

Defendant.

</td><td>

Docket No:   5:18-cv-1158 (LEK/ATB)

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

</td></tr>
</table>

Martin Muldowney, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Cawley & Bergmann, LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.     Plaintiff Martin Muldowney is an individual who is a citizen of the State of New York residing in Onondaga County, New York.

6.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.     On information and belief, Defendant Cawley & Bergmann, LLC, is a New Jersey Limited Liability Company with a principal place of business in Bergen County, New Jersey.

8.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10.     Defendant alleges Plaintiff owes a debt ("the Debt").

11.     The Debt was assigned or otherwise transferred to Defendant for collection.

12.     In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated July 20, 2018. (**"Exhibit 1."**)

13.     The Letter was the initial communication Plaintiff received from Defendant.

14.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692g and 1692e
### Overshadowing

15.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

16.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

17.     The written notice must contain the amount of the debt.

18.     The written notice must contain the name of the creditor to whom the debt is owed.

19.     The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the

debt will be assumed to be valid by the debt collector.

20.    The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

21.    The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

23.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

24.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

25.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

26.    A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

27.    The Letter, beginning with the first sentence and in bold font larger than any other text on the page, states "**AFFORDABLE OPTIONS TO RESOLVE THIS ACCOUNT!**" (Emphasis in original.)

28.    The Letter then provides more bold-font writing, circled for emphasis.

29.    This writing provides three different payment options, all emphasized with graphics, bold text, and extra spacing.

30.    \While Defendant's letters contain the validation language required by 15 U.S.C. § 1692g, such is located at the bottom of the letters.

31.    While Defendant's letters contain the validation language required by 15 U.S.C. §

1692g, such is single-spaced while the rest of the letters is double spaced, and such is in a deemphasized font type.

32.     The Letter contains no statement pertaining to Plaintiff's rights.

33.     The Letter fails to advise that the payment demands do not override Plaintiff's right to dispute the debt.

34.     The Letter fails to advise that the payment demands do not override the Plaintiff's right to demand validation of the debt.

35.     The Letter fails to advise that the payment demands do not override the Plaintiff's right to request information concerning the current creditor.

36.     Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is less likely to realize that such rights are not affected by Defendant's payment demands.

37.     Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is likely to overlook the rights, especially in relation to the payment demands.

38.     Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is likely to believe the rights are unimportant, especially in relation to the payment demands.

39.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

40.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the debt.

41.     As a result of the foregoing, the payment demands would likely make the least sophisticated consumer confused as to her rights.

42.     As a result of the foregoing, the payment demands would likely make the least sophisticated consumer uncertain as to her rights.

43.     Defendant violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

44.     Defendant violated § 1692g(b) as the payment demands overshadow the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

45.     Defendant violated § 1692g(b) as the payment demands are inconsistent with disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

46.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47.     While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

48.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

49.     As a result of the foregoing, the Letter is deceptive.

50.     As a result of the foregoing, the Letter constitutes  a deceptive means to attempt to collect the Debt.

51.     As a result of the foregoing, the Letter violates 15 U.S.C. §§ 1692g and 1692e.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692e

 52.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53.     The Letter states that Plaintiff owes a debt to "JHPDE Finance I LLC."

54.     At the time of the Letter, Plaintiff did not owe any money to JHPDE Finance I LLC.

55.     Plaintiff does not owe any money to JHPDE Finance I LLC.

56.     Plaintiff never contracted with JHPDE Finance I LLC.

57.     Plaintiff never incurred a debt to JHPDE Finance I LLC.

58.     15 U.S.C. § 1692e(2)(A) prohibits a debt collector from making a false representation of the character, amount, or legal status of any debt.

59.     15 U.S.C. § 1692e(10) prohibits a debt collector's use of any false representation or deceptive means to collect or attempt to collect any debt.

60.     Defendant's allegation that Plaintiff owed money to JHPDE Finance I LLC is a false representation of the character, amount, or legal status of any debt.

61.     Defendant's allegation that Plaintiff owes any money to JHPDE Finance I LLC is a false representation of the character, amount, or legal status of any debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

62. Defendant's request that Plaintiff make payment for a debt that she does not owe is a false representation or deceptive means to collect or attempt to collect any debt.

63. For these reasons, Defendant violated 15 U.S.C. § 1692e.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

64. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

65. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

66. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

67. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

68. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

69. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

70. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

71. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

72. The Letter states, "Current Creditor: JHPDE Finance I LLC."

73. Plaintiff does not have an account with JHPDE Finance I LLC.

74. Plaintiff does not owe any money to JHPDE Finance I LLC.

75. The Letter fails to indicate who referred the account to Defendant.

76. The Letter fails to indicate who Defendant represents.

77.    The Letter fails to indicate who is Defendant's client.

78.    Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

79.    Defendant failed to clearly state the name of the creditor to whom the debt is owed.

80.    The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

81.    The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

82.    Defendant violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

## FOURTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of
### the <u>Creditor to Whom the Debt is Owed</u>

83.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

84.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

85.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

86.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

87.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

88.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

89.    For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

90.    The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

91.    Knowing the identity of creditor to whom the debt is owed affects how a consumer responds to a debt collector's attempts to collect the debt.

92.    For the reasons already stated, the least sophisticated consumer would likely be deceived by the Letter.

93.    For the reasons already stated, the least sophisticated consumer would likely be deceived in a material way by the Letter.

94.    Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

95.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter substantially similar to Letter herein, both in content and formatting, from one year before the date of this Complaint to the present.

96.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

97.    Defendant regularly engages in debt collection.

98.    The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter substantially similar to Letter herein.

99.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

100.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

101.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

102.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.   Certify this action as a class action; and

b.   Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c.   Find that Defendant's actions violate the FDCPA; and

d.   Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.   Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Grant Plaintiff's costs; together with

g.   Such other relief that the Court determines is just and proper.

DATED: September 18, 2018

**BARSHAY SANDERS, PLLC**

By:  _/s/ Craig B. Sanders _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

9

csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 116001

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530